### No. 388

TRACY v. COAL AND LAND CO.

No. 19654. Supreme Court

On motion to certify. Dock. March 2, 1926; 4 Abs. 160.

211. CAUSES OF ACTION—Is an action to recover the value of coal wrongfully taken, inconsistent with an action for the recovery of damage to the realty caused by the taking of the coal?

54. AGENCY—Is knowledge or notice of the superintendent of a mine, as a matter of law, computed to the principal?

James Tracy brought this action originally in the Meigs Common Pleas against the Athens and Pomeroy Coal and Land Co. to recover damages for the wrongful mining of coal.

It appears that there were two causes of action stated in the petition. The first set forth that the plaintiff was the owner of a certain leasehold and was entitled to the possession of certain mineable coal of which the defendant willfully, knowingly, wrongfully and unlawfully mined, took and carried away 2500 tons in the value of $10,000.00. The second cause of action set forth that in the taking of said coal the defendant drove its entries in an irregular and negligent manner making it necessary for the plaintiff to incur additional expense in conducting his mining operations and also rendering unmineable a large amount of said coal; thus damaging the plaintiff in the further sum of $6000.00.

The case was tried to a jury which, pursuant to instructions requested by the defendant, returned a special verdict in which it found that the amount of coal actually removed was 1896 tons; that the value of the coal in place was 10c per ton; that the plaintiff was entitled to recover under the first cause of action $5000.00; and that the plaintiff was entitled to recover nothing under the second cause of action.

The judgment of the Common Pleas was reversed by the Court of Appeals upon two assignments of error and remanded the case for a new trial. The errors upon which such reversal was based are as follows:

1. That the trial court having overruled defendant's motion for a directed verdict on the first cause of action, committed error in overruling defendant's motion for a directed verdict on the second cause of action, for the reason that the two causes of action were inconsistent.

2. That the trial court committed error in instructing the jury that the knowledge of the mine superintendent was imputed as a matter of law to his principal.

Tracy, in the Supreme Court, contends:

1. That since the reversal was predicated upon the theory that an action for the recovery of the value of personal property was known at common law as an action of trover, which action was based upon a fiction that the original taking was lawful or that the property was found and therefore if the taking was thus fictitiously presumed to be lawful, there could be no unlawful injury to the remaining real estate or coal, it should be reversed because this fiction of common law is obsolete and has been abolished by statute.

2. That it was not necessary for Tracy to make an election because both causes of action were legal and set forth recoverable damages.

## OHIO SUPREME COURT—Continued

3. That the charge of the trial court concerning knowledge and notice was correct.

Attorneys—D. Curtis Reed, for Tracy; E. E. Jones and A. D. Russell, for Company; all of Pomeroy.